FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 APR 21 AM 11: 50

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRANCE EDWARD WATTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-026 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Terrance Edward Watton, Jr., ("Plaintiff") appeals the decision of the Commissioner

of Social Security ("Commissioner") denying his applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act.

Upon consideration of the briefs submitted by both parties, the record evidence, and the

relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to

sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED**

and that the case be **REMANDED** to the Commissioner for further consideration in

accordance with this opinion.

## I.     BACKGROUND

Plaintiff protectively applied for DIB and SSI on July 5, 2006, alleging an onset date

of August 28, 2004. Tr. ("R."), pp. 100-08. Plaintiff alleged disability due to "cervical deg

[sic] disc disease fr [sic] neck injury and complications, prior neck surgery, vertebral fusion,

chronic neck pain[, and] high cholesterol." R. 138. The Social Security Administration

denied Plaintiff's applications initially, R. 72-79, and on reconsideration, R. 81-88. Plaintiff

then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a

hearing on April 24, 2009. R. 17-65. Plaintiff, who was represented by counsel, testified on

his own behalf at the hearing. R. 5. The ALJ also heard testimony from Plaintiff's wife,

Patricia Watton, and a Vocational Expert ("VE"), Lane Wescott. R. 37, 38. On May 20,

2009, the ALJ issued an unfavorable decision. R. 7-16.

In denying Plaintiff's claims for DIB and SSI, the ALJ applied the five-step sequential

process required by 20 C.F.R. §§ 404.1520 and 416.920, and set forth the following findings

of fact and conclusions of law:

1.      The claimant has not engaged in substantial gainful employment since
        the alleged onset of disability.

2.      The claimant has the following severe impairments: degenerative
        disc disease, status-post cervical and lumbar surgeries with fusion,
        and hepatitis C (20 CFR §§ 404.1520(c) & 416.920(c)).

3.      The claimant does not have an impairment or combination of
        impairments that meets or medically equals one of the listed
        impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.
        §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and
        416.926).

4.      The claimant has the residual functional capacity ("RFC") to perform
        light work,[1] except the claimant is restricted against frequent or

---

[1]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of
objects weighing up to 10 pounds. Even though the weight lifted may be very
little, a job is in this category when it requires a good deal of walking or
standing, or when it involves sitting most of the time with some pushing and
pulling of arm or leg controls. To be considered capable of performing a full
or wide range of light work, you must have the ability to do substantially all
of these activities. If someone can do light work, we determine that he or she
can also do sedentary work, unless there are additional limiting factors such

repetitive bending functions, including stooping and crouching, and push/pull or reaching functions. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 & 416.965).

5.      Considering the claimant's age, education, work experience, and the testimony of the vocational expert, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as: parking lot attendant, ticket seller, and information clerk (20 CFR §§ 404.1569, 404.1569a, 416.969, and 416.969a). The claimant has not been under a disability, as defined in the Social Security Act, from August 28, 2004 through May 20, 2009 (20 CFR §§ 404.1520(g) & 416.920(g)).

R. 12-16.

Following the ALJ's decision, Plaintiff obtained additional evidence consisting of cervical spine RFC questionnaires from two of his treating physicians. See R. 484-96. Plaintiff submitted this new evidence in conjunction with his request for review by the Appeals Council ("AC"). R. 5. However, the AC found that the new evidence "[did] not provide a basis for changing the [ALJ's] decision" and denied Plaintiff's request for review, R. 2-6, at which point the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision.[2] Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred by failing to give sufficient weight to the opinion of Plaintiff's

---

as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

[2]Plaintiff states – and the Commissioner does not dispute – that following the AC's denial of Plaintiff's request for review, he filed a new application for DIB and SSI and was immediately awarded benefits on this second application. (Doc. no. 9, p. 12 n.4.) Plaintiff explains that this action is solely for the recovery of "back benefits" based on the disability onset date alleged in his initial application. (Id.)

treating physicians; (2) the ALJ erred by making an improper credibility determination as to Plaintiff's subjective allegations of pain and side effects from prescribed medication; (3) the AC erred by not ordering a remand or issuing a favorable decision to Plaintiff upon being presented with the new evidence; and (4) the ALJ erred by posing an incomplete hypothetical question to the VE that did not include all of Plaintiff's severe and non-exertional impairments. (See doc. no. 9 (hereinafter "Pl.'s Br."); doc. no. 13 (hereinafter "Pl.'s Reply Br.").) In addition, Plaintiff asserts that the ALJ exhibited bias during the administrative hearing and that the Court should order that a different ALJ hear the case if it is remanded. Id. The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and argues that Plaintiff has failed to show bias on the part of the ALJ. (See doc. no. 12 (hereinafter "Comm'r's Br.").)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d

4

1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff Has Not Shown that the ALJ Gave Insufficient Weight to the Opinions of Plaintiff's Treating Physicians

Plaintiff argues that the Commissioner's decision is not supported by substantial

evidence because insufficient weight was given to the opinions of his treating physicians, Dr. Bussey and Dr. Guitton.[3] Pl.'s Br., pp. 15-16. With respect to the ALJ's decision, Plaintiff's argument that insufficient weight was given to his treating physicians is limited to a single statement provided without any elaboration at the conclusion of an argument primarily alleging error by the AC: "The ALJ never even mentioned the name of one of Plaintiff's treating physicians other than Dr. Guitton's report following surgery that the claimant was 'doing very well.'"[4] Id. at 16. The Commissioner contends that "the ALJ duly considered all of the medical evidence including the reports and opinions proffered by [Dr. Bussey and Dr. Guitton]." Comm'r's Br., p. 8.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight, see Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (per curiam), and refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. See Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). Here, however, Plaintiff's assertion regarding the ALJ's failure to mention Dr. Guitton's name more than once is insufficient to justify finding in his favor on this issue. As explained in the Court's July 28, 2010 Briefing Order, Plaintiff's "argument . . . must set must set forth [his] contentions . . . with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon

---

[3]Dr. Bussey is Plaintiff's general physician and Dr. Guitton is his orthopedic physician. Pl.'s Br., p. 11.

[4]Plaintiff directs this argument primarily at the AC for its alleged failure to consider the cervical spine RFC questionnaires completed by Dr. Bussey and Dr. Guitton after the ALJ issued his decision. Pl.'s Br., p. 16. To the extent that this argument relates to the AC, it is addressed separately below. See infra Part III.C.

and by citations to statutes, regulations, and cases supporting Plaintiff's position." (Doc. no. 8, p. 3.) The Court further advised, "The issues before the Court are limited to the issues properly raised in the briefs." (Id.) By simply mentioning the number of times the ALJ used the name of one of his treating physicians in the midst of an argument primarily focused on the AC's actions, Plaintiff has raised the issue of the ALJ's consideration of his treating physicians' opinions in a cursory fashion, failing to provide any specifics as to how the ALJ failed to properly consider the evidentiary material provided by Plaintiff's treating physicians.

In addition, the Court notes that the ALJ discussed the reports and findings of both Dr. Guitton and Dr. Bussey in his assessment of Plaintiff's medical condition and resulting RFC. See R. 13. Moreover, Plaintiff does not identify any specific medical or opinion evidence from Plaintiff's treating physicians that was improperly discredited or ignored by the ALJ.[5] See Pl.'s Br., p. 16. Also, while the ALJ only mentions Dr. Guitton's name once, he cites to four exhibits consisting of Dr. Guitton's treatment records. See R. 13 (citing various exhibits).

In sum, a review of the ALJ's decision shows that he gave consideration to the opinions of Plaintiff's treating physicians, and Plaintiff has not identified any specific shortcomings in this regard. Accordingly, Plaintiff is not entitled to the relief sought on this issue.

---

[5]Both of the medical reports by treating physicians identified by Plaintiff as improperly ignored were obtained after the ALJ issued his decision, and therefore are relevant only to the question of the propriety of the AC's decision to deny review, addressed infra.

**B.     The ALJ Failed to Properly Assess Plaintiff's Subjective Complaints**

Plaintiff also argues that the ALJ improperly rejected his subjective complaints concerning his disabling symptoms. Pl.'s Br., pp. 13-15. In particular, Plaintiff asserts that the ALJ failed to articulate sufficiently specific reasons for rejecting Plaintiff's credibility as to his pain and the side effects of his prescribed medication. Id. The Commissioner maintains that the ALJ's credibility determination was appropriate because he "considered the appropriate factors, including intensity, persistence and frequency of plaintiff's symptoms and the findings and clinical observations reported by the treating and consulting medical specialists, as well as Plaintiff's reported daily activities." Comm'r's Br., pp. 9-10 (citing R. 12-14).

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to

uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[6] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

In this case, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, status-post cervical and lumbar surgeries with fusion, and hepatitis C. R. 12. Moreover, the ALJ noted Plaintiff's testimony that he was "unable to work due to his pain, limitations, and the side effects of his medications." R. 14. In addition to the pain caused by his medical conditions, the ALJ noted Plaintiff's testimony that his medication caused him to fall asleep constantly and suffer memory problems. Id. Ostensibly applying the standard from Holt, *supra*, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above [RFC] assessment." R. 14. The ALJ further found that there was no objective medical evidence to substantiate the alleged severity of the symptoms and, although he was

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"persuaded that a reasonable nexus exists between the objective medical evidence and the types of symptoms alleged by [Plaintiff]," he concluded that "to the extent that [Plaintiff] alleges symptoms so severe as to preclude all sustained work activity, [he is not credible] in light of the opinions of treating and nonexamining physicians, and [Plaintiff's] level of daily activities." Id.

The Court finds that, although the ALJ attempted to address Plaintiff's subjective allegations, he did not sufficiently articulate his reasons for discrediting Plaintiff's subjective allegations. After determining that Plaintiff had shown evidence of underlying medical conditions that could reasonably be expected to give rise to the pain and side effects alleged, the ALJ rejected Plaintiff's subjective allegations as to the severity of those symptoms without citing specific examples in the record that discredit Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his pain and the side effects of his medication. Rather, the ALJ simply concluded that Plaintiff's subjective allegations were not credible by generally citing the entirety of the medical evidence in the record.

The ALJ's reference to the level of Plaintiff's daily activities is likewise insufficient to save his inadequate analysis of Plaintiff's allegations of subjective pain. Just as he fails to reference any specific examples of medical evidence that controvert Plaintiff's subjective testimony, the ALJ provides no explanation as to how Plaintiff's daily activities are inconsistent with his subjective complaints. This deficiency is particularly troubling where the primary discussion of Plaintiff's daily activities in the ALJ's opinion indicates that Plaintiff "is only capable of light chores," "spends a lot of time watching television," and, though capable of visiting with friends, limits the time he spends on his feet to "one hour

10

increments during the day."[7] R. 14.

Furthermore, the Court notes that Plaintiff's subjective testimony as to the side effects of his medication called for a more thorough analysis than the ALJ provided. As noted above, the ALJ acknowledged Plaintiff's testimony that his medication caused him to fall asleep constantly and to suffer problems with his memory. R. 14. However, the ALJ failed to mention the medications responsible for these side effects – namely, that Plaintiff had been prescribed Oxycodone, which was later replaced with a prescription for Morphine, the dosage of which was eventually increased from 15 mg three times daily to 30 mg three times daily.[8] R. 46-47, 167. As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981). After acknowledging the serious side effects alleged by Plaintiff in his subjective testimony and finding that the medical evidence supported the existence of these side effects, it was error for the ALJ to discredit Plaintiff's subjective testimony as to the severity of the side effects without any discussion of the medication causing the side effects and nothing beyond a general reference to the totality of the medical evidence in the record.

In sum, the ALJ's credibility determination concerning Plaintiff's pain and the side effects of his medication amounts the type of "broad rejection" that the Eleventh Circuit has

---

[7] The ALJ also states in his opinion that Plaintiff "remains capable of several activities of daily living and independent functioning, despite his back pain." R. 14. However, the ALJ does not explain what these activities are or how they are inconsistent with Plaintiff's subjective testimony.

[8] Notably, the ALJ discussed two of Plaintiff's other medications – Xanax and Valium – yet failed to specify the medications that allegedly gave rise to the severe side effects claimed by Plaintiff in his subjective testimony. See R.14.

11

identified as inadequate to withstand judicial scrutiny. See Foote, 67 F.3d at 1561. The Court therefore concludes that the case should be remanded so that the ALJ can more fully explain his reasoning as it relates to Plaintiff's subjective complaints.[9]

## C.     Plaintiff's Remaining Contentions

In light of the recommendation for remand for the ALJ to properly explain his reasoning as it relates to Plaintiff's subjective complaints, the Court need not resolve Plaintiff's remaining substantive contentions. However, certain of these contentions warrant further comment.

As noted above, Plaintiff claims that the AC erred by failing to give adequate consideration to the new evidence submitted in conjunction with Plaintiff's request for review, which consisted of cervical spine RFC questionnaires completed by Dr. Bussey and Dr. Guitton after the ALJ issued his decision. In particular, Plaintiff argues that the AC, like the ALJ, was under an obligation to give substantial weight to the newly submitted reports from Plaintiff's treating physicians absent a showing of good cause for according them less weight. Pl.'s Br., p. 16. Plaintiff asserts that the AC failed to meet this obligation in that it "simply ignored the detailed reports of Dr. Bussey and Dr. Guitton in affirming the decision of the ALJ." Id.

Plaintiff's argument misconstrues the relevant facts and law. First, the AC did not "ignore" the new reports of Dr. Bussey and Dr. Guitton. Rather, the AC stated that it

_____

[9]Plaintiff submits "that this case should not simply be remanded for another hearing" and requests that the case "be remanded with instructions to enter a favorable decision on the record." Pl.'s Br., p. 18. The Court will not grant this request. Though the Court has concluded that the ALJ's credibility determination was improper, it is not for the Court to make that determination on its own, see Ryan, 762 F.2d at 942, which it would have to do in order to remand with instructions to enter a decision in Plaintiff's favor.

12

considered the additional evidence but denied review because that evidence did not provide a basis for changing the ALJ's decision. R. 2-3. Second, while Plaintiff is correct insofar as he asserts that new evidence submitted to the AC may provide the basis for a sentence four remand under § 405(g), see Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007), he is incorrect in attempting to apply the standard for an ALJ's consideration of a treating physician's opinion to the AC. See Mansfield v. Astrue, 395 F. App'x (11th Cir. 2010) (*per curiam*) (rejecting argument that the AC "was required to explain in non-conclusory terms why the additional evidence [the plaintiff] submitted would not have changed the administrative result" and finding no error where AC simply "stated that it had considered the additional evidence . . . but was denying review because that evidence did not provide a basis for overturning the ALJ's decision").

Where, as here, the AC reviews newly submitted evidence and denies review, the dispositive issue is not whether the AC adequately explained the weight given to the new evidence, but "whether that new evidence renders the denial of benefits erroneous." Ingram, 496 F.3d at 1262. As noted above, the Court's previous determination that remand is appropriate makes it unnecessary to rule on Plaintiff's claim regarding the reports submitted to the AC following the ALJ's unfavorable decision. However, the Court notes that Plaintiff has attempted to import an improper standard into this claim and has not addressed whether the reports submitted to the AC constituted "new, material, chronologically relevant evidence" that rendered the denial of benefits erroneous. Id. at 1261-62.

Furthermore, the Court need not resolve Plaintiff's argument that the ALJ failed to pose a proper hypothetical to the VE. Of course, on remand, Plaintiff's claims must be

evaluated in compliance with the applicable regulations and case law in all aspects. For example, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

## D.     No Bias on the Part of the ALJ

Finally, the Court addresses Plaintiff's assertion that the ALJ exhibited bias against Plaintiff and that the Court should order that the case be heard by a different ALJ on remand. Evidence of bias on the part of an ALJ against a claimant may warrant remand to a different ALJ. See Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir. 1996) (finding bias where ALJ's opinion included an unsupported statement that a particular physician "almost invariably" found total disability when performing examinations at the behest of the plaintiff's attorney).

Here, however, Plaintiff has not shown any bias on the part of the ALJ. Plaintiff's assertion of bias is based entirely on a single exchange between his attorney and the ALJ at his hearing. In response to the hypothetical question posed by the ALJ, the VE responded by discussing certain jobs available in the regional and national economies. See R. 54-59. Plaintiff's counsel was then given an opportunity to examine the VE, at which point the following exchange took place:

14

Pl.'s counsel: Okay. If an individual such as [the one described in the ALJ's hypothetical question] would average three or more days every month in absences from work, would [the jobs previously discussed] be available competitively to such an employee?

ALJ: Well, you don't need to risk her answering that in any other way than how you want her to.

R. 59-60. The ALJ went on to explain that Plaintiff would prevail in the case if it was shown that his impairments would prevent him from working a full work day or would cause him to be absent from work more than 13 days per year, in response to which Plaintiff's counsel voluntarily withdrew his question. R. 60.

Plaintiff asserts that the statement by the ALJ quoted above prevented Plaintiff's counsel from conducting an important inquiry and "had a severe and chilling effect of the cross-examination of [the VE]." Pl.'s Br., p. 19. The plain meaning of the language of the quoted exchange, however, is not consistent with Plaintiff's interpretation. Rather, an objective reading of the ALJ's response indicates that the ALJ simply informed Plaintiff's counsel that his inquiry was not necessary because if Plaintiff showed the type of excessive absenteeism contemplated by the question, then the ALJ would not need any opinion from the VE to determine that Plaintiff was disabled. Indeed, the ALJ stated in unambiguous terms that Plaintiff would win his case if he showed that his impairments would cause him to be absent from work as much as Plaintiff's counsel suggested in the question to the VE. R. 60. Moreover, to the extent that Plaintiff takes issue with the tone of the ALJ's response, he fails to make a showing adequate to give rise to a finding of bias on the part of the ALJ. In fact, the only case cited by Plaintiff in support of his contention is Miles, *supra*, which is readily distinguishable in that the instant case presents nothing remotely analogous to an ALJ

15

making a statement unsupported by the record that calls into question the credibility of medical evidence presented by a claimant. Accordingly, the Court denies Plaintiff's request that it order the case to be heard by a different ALJ on remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of April, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE